UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X

PABLO VENTURA-NIEVES,

            Petitioner,

- against -

12 Cr. 844 (RWS)
16 Civ. 8802 (RWS)

OPINION

UNITED STATES,

            Defendant.

------------------------------------------------X

A P P E A R A N C E S:

    <u>Attorney for Petitioner</u>
    Petitioner, *pro se*
    Pablo Ventura-Nieves
    Reg. No. 41286-069
    FPC Butner - United CW
    Post Office Box 1000
    Butner, NC 27509

    <u>Attorney for Defendant</u>
    JOON H. KIM
    Acting United States Attorney
    Southern District of New York
    One Saint Andrew's Plaza
    New York, NY 10007
    By:  Russell Capone, Esq.
         Jessica Lonergan, Esq.

**Sweet, D.J.**

Petitioner Pablo Ventura-Nieves ("Ventura-Nieves" or the "Petitioner") has moved for reconsideration of the Court's November 4, 2016, opinion denying Petitioner's motion, as construed by the Court, for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Cr. Dkt. 368.) For the reasons set forth below, Petitioner's motion for reconsideration is granted, and his motion for a reduction of his sentence is denied.

**Facts**

The facts underlying this action were previously set forth in the sentencing opinion of this Court dated December 4, 2014, (see Cr. Dkt. 206), knowledge of which is assumed. Certain facts are repeated in part as relevant to the instant motion.

On February 26, 2014, Ventura-Nieves pled guilty to conspiracy to distribute five kilograms and more of cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. The Court issued a sentencing opinion on December 4, 2016, adopting the November 2013 Guidelines calculations of the plea agreement and

1

indicating the Court's intent to impose a below-Guidelines sentence of 120 months' imprisonment. (Cr. Dkt. 206.)

At Ventura-Nieves' sentencing, based on both parties' subsequent sentencing submissions that recommended the Court calculate using the newly amended 2014 Sentencing Guidelines, the Court imposed the bottom of the newly-calculated Guidelines range, 135 months' imprisonment. (Cr. Dkt. 271 at 11:6.) The Court found Ventura-Nieves's "guidelines sentence . . . appropriate because of the role played by the defendant" in the conspiracy, which the Court stated was "integral." (Id. at 10:21-25.)

**Prior Proceedings**

On October 31, 2016, Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2255. (Cr. Dkt. 367; Civ. Dkt. 1.) On November 15, 2016, the Court, construing Petitioner's petition as a motion for a sentence reduction due to Amendment 782 to the Sentencing Guidelines and pursuant to 18 U.S.C. § 3582(c)(2), denied it because Ventura-Nieves was properly sentenced under the amended Guidelines range. (Cr. Dkt. 368; Civ. Dkt. 2.) On November 21, 2016, the Court received Petitioner's Memorandum of Law in support of his habeas

2

petition, although Petitioner had certified the document was physically mailed to the Clerk of Court nine days earlier. (Cr. Dkt. 374; Civ. Dkt. 3.)

On December 1, 2016, Petitioner moved for reconsideration of his habeas petition. (Civ. Dkt. 4.) The instant motion was taken on submission and marked fully submitted on January 19, 2017.

**Applicable Standard**

A party moving for reconsideration "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." Eisenmann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (quotation marks and citation omitted). "The major grounds justifying reconsideration are an intervening change of controlling law, the available of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation marks and citation omitted). A motion for reconsideration should be granted where "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be

3

expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

**The Court Will Reconsider Petitioner's Habeas Motion**

Petitioner argues his instant habeas motion should be reconsidered because the Court's denial was based on arguments substantively different than those presented in Petitioner's motion and supporting memorandum of law. Specifically, the Court denied Petitioner's motion on the grounds that he sought a sentence reduction based on of Amendment 782 to the Sentencing Guidelines, which modified many drug offense penalties, while Petitioner argued his sentence reduction was merited due to Amendment 794, which provided guidance with regard to mitigating role adjustments. (Compare Cr. Dkt. 367, and 374, with Cr. Dkt. 368.) Given that resentencing can turn on which amendment to the Sentencing Guidelines is applied, this difference could have "alter[ed] the conclusion reached by the court." Shrader, 70 F.3d at 257. Because the question of Amendment 794 was overlooked by the Court in its initial opinion, Petitioner's motion warrants reconsideration. See Janes v. Triborough Bridge & Tunnel Auth., 889 F. Supp. 2d 462, 465 (S.D.N.Y. 2012).

4

## Petitioner's Motion For A Sentence Reduction Is Denied

In his reconsideration motion, Petitioner requests that his motion for relief under Section 2255 be "liberally construe[d]" as a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Harris v. Miller, 818 F.3d 49, 56 (2d Cir. 2016); (Civ. Dkt. 2, 4). The Court interpreted the motion as such in its initial opinion and, as Petitioner is a *pro se* litigant warranting "the strongest arguments" his briefs suggest, the Court will do so again. Harris, 848 F.3d at 59.

Petitioner argues that he is entitled to a sentence reduction because of the passage of Amendment 794 to the Sentencing Guidelines subsequent to his sentencing. Amendment 794 revised the commentary to U.S.S.G. § 3B1.2 and addressed divergent court applications of the Guidelines' mitigating role adjustments. Petitioner contends that his role in the drug smuggling conspiracy for which he pled guilty was minor relative to other, more culpable coconspirators. Were the Court to consider Petitioner's role in light of Amendment 794's new commentary, Petitioner argues, he would be entitled to a two-point minor role reduction, lowering his guideline sentence range.

5

Section 3582(c)(2) permits a court to reduce an otherwise final sentence only "in circumstances specified by the [Sentencing] Commission." Dillon v. United States, 560 U.S. 817, 825 (2010). Those specified circumstances are "(1) upon the motion of the Director of the Bureau of Prisons if certain requirements are met, (2) when expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure, or (3) when a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." United States v. Morales-Perez, No. 11 Cr. 881 (DLC), 2016 WL 6426394, at *1 (S.D.N.Y. Oct. 27, 2016) (citing 18 U.S.C. § 3582(c)(2)).

Only the third avenue is implicated here, and it is unavailable to Petitioner. The Sentencing Commission has promulgated "applicable policy statements" through its Guidelines Manual and, specifically, Section 1B1.10, which lists the amendments that courts may apply retroactively to sentenced defendants. Dillon, 560 U.S. at 826. Amendment 794 is not included amongst the amendments. U.S.S.G. § 1B1.10(d). The Court therefore lacks the authority to consider the relief sought by Petitioner. See Morales-Perez, 2016 WL 6426394, at *2.

6

## Conclusion

For the foregoing reasons, Defendant's motion for reconsideration is granted, and his motion for a reduction of his sentence is denied.

The Clerk of the Court is requested to close the civil docket number and to docket any subsequent filings under the criminal docket number.

It is so ordered.

**New York, NY**
**May 11, 2017**

_____
ROBERT W. SWEET
U.S.D.J.

7